JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

13 7263

**I. (a) PLAINTIFFS**
J. Michael Considine, Jr., 1760 Market Street, Suite 1100, Philadelphia, PA 19103

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**
Jonathan J. Jagodinski, Radnor Township Police Dept., 803 Iven Avenue, Wayne, PA 19087

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
Retaliation for Interviewing Witnesses and Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000.

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ________ DOCKET NUMBER ________

DATE: 12/09/2013

SIGNATURE OF ATTORNEY OF RECORD: Michael Considine

DEC 12 2013

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

PD 13 cv 7263

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1760 Market Street, Suite 1100, Philadelphia, PA 19103

Address of Defendant: 803 Iven Avenue, Wayne, PA 19087

Place of Accident, Incident or Transaction: Wayne, PA *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☑

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☑

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, J. Michael Considine, Jr., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DEC 12 2013

**DATE:** December 9, 2013 J. Michael Considine, Jr. 37294
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 12/9/13 [signature] 37294
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

**APPENDIX I**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

J. Michael Considine, Jr. : CIVIL ACTION

v. :

Jonathan J. Jagodinski, Radnor Township Police Department : NO. 13 7263

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| December 9, 2013 | J. Michael Considine, Jr. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-963-1555 ext. 828 | 215-963-9104 | adventure7@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

DEC 12 2013

(Civ. 660) 10/02

$400.00

PD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J. Michael Considine, Jr., : Civil Action
Plaintiff
v.

13 7263

Officer Jonathan J. Jagodinski,
Radnor Township Police Department, : No. 13-cv-
Defendant

COMPLAINT

JURISDICTION AND VENUE

1. Jurisdiction is based on 28 U.S.C. §§ 1292, 1331, 1343 & 2201 and the doctrine of pendant jurisdiction, for redress for rights secured by the U. S. Constitution and the 1st and 14th Amendments under 42 U.S.C § 1983.

2. Venue is proper in the Eastern District of Pennsylvania as all the events herein took place in, the parties and witnesses reside in and the physical evidence is located within this district.

PARTIES

3. Plaintiff is J. Michael Considine, Jr., whose business address is 1760 Market Street, Suite 1100, Philadelphia, PA 19103.

4. Defendant is Jonathan J. Jagodinski, who at all times relevant to this complaint was an officer of the Radnor Township Police Department, who acted under color of law, within the course and scope of his employment as such. His address is 803 Iven Avenue, Wayne, PA 19087.

FACTS

5. At all times relevant to this complaint Plaintiff was an attorney, admitted to the bar of the Commonwealth of Pennsylvania, I.D. #37294, having been admitted to the bar November 9, 1982.

6. In November 2011, Plaintiff was retained as an attorney by Jan and Robert Neubauer, guardians and grandparents of Nicholas Deshais, a student at Valley Forge Military Academy (VFMA), 1001 Eagle Road, Radnor, PA 19087. DeShais was dismissed and/or withdrew from the academy. The Neubauers stated they attempted to find out from the academy the facts of the incidents that led to his dismissal and/or coerced withdrawal from the academy and they were never told of many facts, despite efforts to communicate with VFMA staff. They also felt some of the tuition should be repaid since the dismissal was before the end of the semester.

7. The Neubauers asked Plaintiff to find out what happened in the incidents and gave the names of several eyewitnesses who were students at the academy they wanted Plaintiff to interview.

8. On December 12, 2011 Plaintiff went to VFMA. The Neubauers told him one of the witnesses was Marcos Settinieri. Plaintiff stood on the campus outside Martin Hall and asked the first person who he saw if he knew Marcos Setttinieri. It turned he was speaking to him. Settinieri agreed to speak to Plaintiff and invited him inside Martin Hall. There he showed him where the incidents in question took place and told him what happened. Plaintiff also

spoke to Josh Bernstein, another witness. Both willingly spoke to Plaintiff. No one ever refused to speak to him or told him to leave.

9. Plaintiff left his business card with Settinieri.

10. Apparently a videotape showed Plaintiff entered the building.

11. Staff from VFMA spoke to Settinieri and called the police and gave police the name, address and phone number for Plaintiff.

12. On December 13, 2011, Defendant called Plaintiff at 610-431-3288, the number on his business card, and left a message on his answering machine stating Plaintiff was never allowed to go back to VFMA, or words to that affect, and stating Plaintiff would receive a citation.

13. At all times when he was on the campus of VFMA, there was no "no trespassing signs" or posting that authorization or other conditions needed to be met to go onto the campus or to speak to anyone, nor was there fencing, locked gates or sentries at gates to exclude intruders or limit entry. There was open access to sidewalks through the campus from outside the premises.

14. No one told Plaintiff to leave the VFMA premises or refused to speak to him.

15.At no time did Plaintiff attempt to compel statements out of the witnesses nor did they express any apprehension or unwillingness to speak. They willingly spoke to him. No one refused to speak or asked him not to ask questions.

16. The VFMA premises were open to the public at all times relevant to the complaint.

17. Plaintiff reasonably believed that anyone empowered to limit access would have licensed him to enter the premises.

18. On December 12, 2011, Defendant wrote Non-Traffic Citation No. P8738601-4 against Plaintiff for Defiant Trespass under 18 Pa. C.S.A. §3503(b)(1) stating Plaintiff "knowing he was not privileged to do so, without authorization from school officials. Notices posted at school entrances advise visitors of required authorization," even though Plaintiff had no such knowledge and had no reason to believe he was not privileged to do so. It was not received by Plaintiff until weeks later.

19. No notices were posted at school entrances advising visitors of required authorization at the time Plaintiff went to the premises.

20. No one ever told Plaintiff to leave the premises nor did Plaintiff ever refuse to leave.

21. On April 18, 2012, after the hearing was rescheduled from March 21 and April 4, 2012 because Defendant twice did not appear, Plaintiff was found guilty of defiant trespass under 18 Pa. C.S.A. §3503(b)(1) by Magisterial District Judge John C. Tuten, 230 Sugartown Road, Wayne, PA 19087 in Magisterial District No. MDJ-32-1-29..

22. On May 1, 2012, Plaintiff file a Notice of Appeal from Summary Criminal Conviction.

23. On June 26, 2012, Plaintiff was found not guilty by the Delaware County Court of Common Pleas in Summary Appeal No. 494-12.

24. Plaintiff's appearance at VFMA was for a legitimate business purpose and those he interviewed were willing speakers.

25. Plaintiff entered the premises by a road or driveway to a back parking lot. From that roadway entrance there were no "no trespassing" signs or signs indicating permission or registration was required to enter the campus, nor was there any such notification at the back parking lot.

26. At other entrances to the campus at the time Plaintiff was on the campus there were no "no trespassing" signs or signs indicating permission or registration was required to enter the campus.

27. Outside or inside Martin Hall there were no signs stating entry by non-students was prohibited or subject to permission.

28. Defendant never attempted to speak to Plaintiff before making the phone call and issuing the citation to see if anyone told Plaintiff to leave the premises.

29. Defendant made no attempt to determine if anyone ever told Plaintiff to leave the premises.

30. Valley Forge military Academy had no policy banning communication between students and adults who were not staff at VFMA inside or outside of any building on campus.

31. Defendant made no attempt to determine if there were signs posted indicating "no trespassing" or that permission was required to enter onto the campus before issuing a citation to Plaintiff.

32. Defendant before issuing the citation read the card indicating Plaintiff was an attorney and from which he obtained Plaintiff's phone number, knew he was on campus as part of his business as an attorney, that he wrote a letter to Colonel David R. Gray, president of VFMA in the DeShais matter, that Plaintiff spoke to someone on campus as a part of that business, that no one told him Plaintiff refused to leave after being told to leave and that there were no signs posted on the campus indicating permission was needed to go onto the campus.

33. Plaintiff issued the citation in retaliation for and in a deliberate attempt to punish Plaintiff for and intimidate him into not conducting any further investigation into a matter involving VFMA and to keep him from obtaining information from willing witnesses in the Deshais and future matters.

34. At the hearing before Judge Tuten Defendant and/or a representative of VFMA stated in effect Defendant wrote the citation because of concern for safety of the cadets, one of whom was 16, but failed to show how anything Plaintiff did had any effect on their safety or that anything Plaintiff did in

interviewing them put them in danger or caused a reasonable concern for their safety.

COUNT I: VIOLATION OF THE FIRST AMENDMENT

35. The averments of Paragraph 1-34 are incorporated by reference.

36. Defendant filed the citation without probable cause or doing any investigation to determine if the premises were posted with no trespassing signs or signs requiring approval or registration by those on the campus or if anyone ever told Plaintiff to leave or if he refused to leave.

37. The citation was also filed in retaliation for Plaintiff's performing a legitimate, necessary service of obtaining information from willing speakers in a legal investigation, a significant function of an attorney, and to intimidate him from not investigating further into incidents involving DeShais or others or matters or to speak to witnesses on the VFMA campus in any matters involving VFMA.

38. Defendant issued to Plaintiff a lifetime ban on, and veiled threat of arrest for his ever returning to the premises of VFMA, not limited in scope or time, even if given permission by VFMA, without sufficient justification, even though any member of the public can walk onto the premises, an open campus, without any authorization.

39. The actions of Defendant chill speech protected under the First Amendment and in effect ban him from going to or speaking to any person for

any purpose, even if necessary for representation of a client or if given permission by VFMA, on the premises of VFMA.

WHEREFORE, Plaintiff respectfully request that the court enter judgment in his favor and against Defendant in an amount in excess of $75,000., plus costs and attorney's fees.

COUNT II: DECLARATORY JUDGMENT

40. The averments of paragraphs 1-39 are incorporated by reference.

41. Plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 that his rights under the 1st Amendment have been violated.

WHEREFORE, Plaintiff respectfully request that the court enter judgment pursuant to 28 U.S.C. § 2201 that his rights under the 1st Amendment have been violated.

COUNT III: MALICIOUS PROSECUTION

42. The averments of paragraphs 1-39 are incorporated by reference.

43. Defendant filed the charge of Defiant Trespass under 18 Pa. C.S.A. §3503(b)(1) against Plaintiff.

44. The proceedings terminated in Plaintiff's favor. He was found not guilty.

45. There was no probable cause for the filing of the charge.

WHEREFORE, Plaintiff respectfully request that the court enter judgment in his favor and against Defendant in an amount in excess of $75,000., plus costs and attorney's fees.

Date: December 10, 2013

J. Michael Considine, Jr.
1760 Market Street, Suite 1100
Philadelphia, PA 19103
(215) 963-1555 extension 828