IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J. Michael Considine, Jr., : Civil Action
   Plaintiff

v.

Officer Jonathan J. Jagodinski,
   Radnor Township Police Department, : No. 13-cv-7263-PD
   Defendant

FILED
FEB 1 2 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction is based on 28 U.S.C. §§ 1292, 1331, 1343 & 2201 and the doctrine of pendant jurisdiction, for redress for rights secured by the U. S. Constitution and the 1st and 14th Amendments under 42 U.S.C § 1983.

2. Venue is proper in the Eastern District of Pennsylvania as all the events herein took place in, the parties and witnesses reside in and the physical evidence is located within this district.

### PARTIES

3. Plaintiff is J. Michael Considine, Jr., whose business address is 1760 Market Street, Suite 1100, Philadelphia, PA 19103.

4. Defendant is Jonathan J. Jagodinski, who at all times relevant to this complaint was an officer of the Radnor Township Police Department, who acted under color of law, within the course and scope of his employment as such. His address is 803 Iven Avenue, Wayne, PA 19087.

1

## FACTS

5. At all times relevant to this complaint Plaintiff was an attorney, admitted to the bar of the Commonwealth of Pennsylvania, I.D. #37294, having been admitted to the bar November 9, 1982.

6. In November 2011, Plaintiff was retained as an attorney by Jan and Robert Neubauer, guardians and grandparents of Nicholas Deshais, a student at Valley Forge Military Academy (VFMA), 1001 Eagle Road, Radnor, PA 19087. DeShais was dismissed and/or was forced to or chose to withdraw from the academy based on alleged incidents of violence between students at the academy. The Neubauers stated they attempted to find out from the academy the facts of the incidents that led to his dismissal and/or coerced withdrawal from the academy and they were never told of many facts, despite efforts to communicate with VFMA staff. They also felt some of the tuition should be repaid since the dismissal was before the end of the semester. Plaintiff wrote a letter to VFMA's President to attempt to resolve the dispute.

7. The Neubauers asked Plaintiff to find out what happened in the incidents and gave the names of several eyewitnesses who were students at the academy they wanted Plaintiff to interview.

8. On December 12, 2011 Plaintiff went to VFMA. The Neubauers told

him one of the witnesses was Marcos Settinieri. Plaintiff stood on the campus outside Martin Hall and asked the first person who he saw if he knew Marcos Setttinieri. It turned he was speaking to him. Settinieri agreed to speak to Plaintiff and invited him inside Martin Hall. There he showed him where the incidents in question took place and told him what happened. Plaintiff also spoke to Josh Bernstein, another witness. Both willingly spoke to Plaintiff. No one ever refused to speak to him or told him to leave.

9. Plaintiff left his business card with Settinieri.

10. Apparently a videotape showed Plaintiff entered the building.

11. Staff from VFMA spoke to Settinieri and called the police and gave police the name, address and phone number for Plaintiff.

12. On December 13, 2011, Defendant called Plaintiff at 610-431-3288, the number on his business card, and left a message on his answering machine stating Plaintiff was not permitted to go back to VFMA, or words to that affect, without any limitation as to time and stating Plaintiff would receive a citation. Defendant never stated VFMA stated Plaintiff was not allowed to go back to the premises.

13. At all times when he was on the campus of VFMA, there were no "no trespassing signs" or posting that authorization or other conditions

3

needed to be met to go onto the campus or to speak to anyone, nor was there fencing, locked gates or sentries at gates to exclude intruders or limit entry. There was open access to sidewalks through the campus from outside the premises.

14. No one told Plaintiff to leave the VFMA premises or refused to speak to him.

15. At no time did Plaintiff attempt to compel statements out of the witnesses nor did they express any apprehension or unwillingness to speak. They willingly spoke to him. No one refused to speak or asked him not to ask questions.

16. The VFMA premises were open to the public at all times relevant to the complaint.

17. Plaintiff reasonably believed that anyone empowered to limit access would have licensed him to enter the premises.

18. On December 12, 2011, Defendant wrote Non-Traffic Citation No. P8738601-4 against Plaintiff for Defiant Trespass under 18 Pa. C.S.A. § 3503(b)(1) stating Plaintiff "knowing he was not privileged to do so, without authorization from school officials. Notices posted at school entrances advise visitors of required authorization," even though Plaintiff had no such knowledge and had no reason to believe he was not

4

privileged to do so. It was not received by Plaintiff until much later.

19. No notices were posted at school entrances advising visitors of required authorization at the time Plaintiff went to the premises.

20. No one ever told Plaintiff to leave the premises nor did Plaintiff ever refuse to leave.

21. On April 18, 2012, after the hearing was rescheduled from March 21 and April 4, 2012 because Defendant twice did not appear, Plaintiff was found guilty of defiant trespass under 18 Pa. C.S.A. §3503(b)(1) by Magisterial District Judge John C. Tuten, 230 Sugartown Road, Wayne, PA 19087 in Magisterial District No. MDJ-32-1-29.

22. On May 1, 2012, Plaintiff filed a Notice of Appeal from Summary Criminal Conviction.

23. On June 26, 2012, Plaintiff was found not guilty by the Delaware County Court of Common Pleas in Summary Appeal No. 494-12.

24. Plaintiff's appearance at VFMA was for a legitimate business purpose and those he interviewed were willing speakers.

25. Plaintiff entered the premises by a road or driveway to a back parking lot. From that roadway entrance there were no "no trespassing" signs or signs indicating permission or registration was required to enter the

campus, nor was there any such notification at the back parking lot.

26. At other entrances to the campus at the time Plaintiff was on the campus

there were no "no trespassing" signs or signs indicating permission or registration was required to enter the campus.

27. Outside or inside Martin Hall there were no signs stating entry by non-students was prohibited or subject to permission.

28. Defendant never attempted to speak to Plaintiff before making the phone call and issuing the citation to see if anyone told Plaintiff to leave the premises.

29. Defendant made no attempt to determine if anyone ever told Plaintiff to leave the premises.

30. Valley Forge military Academy had no policy banning communication between students and adults who were not staff at VFMA inside or outside of any building on campus.

31. Defendant made no attempt to determine if there were signs posted indicating "no trespassing" or that permission was required to enter onto the campus before issuing a citation to Plaintiff.

32. Defendant before issuing the citation read the card indicating

6

Plaintiff was an attorney and from which he obtained Plaintiff's phone number, knew he was on campus as part of his business as an attorney and spoke to someone on campus as a part of that business, that no one told Plaintiff to leave nor did Plaintiff ever refuse to leave and that there were no signs posted on the campus indicating permission was needed to go onto the campus.

33. Defendant never spoke to Plaintiff before issuing a citation.

34. At the hearing before Judge Tuten Defendant and/or a representative of VFMA stated in effect Defendant wrote the citation because of concern for safety of the cadets, one of whom was 16, but failed to show how anything Plaintiff did had any effect on their safety or that anything Plaintiff did in interviewing them put them in danger or caused a reasonable concern for their safety.

35. Before issuing the citation, Defendant spoke to staff from Valley Forge Military Academy and/or its counsel and learned Plaintiff wrote a letter dated December 15, 2011 to Colonel David R. Gray, President of Valley Forge Military Academy, stating he was representing grandparents and guardians of a cadet who formerly attended the academy, that he did investigation regarding an hazing incident involving the cadet which involved speaking to witnesses, and that he was investigating the incident to protect his clients' interests and that counsel for the academy

7

wrote Plaintiff a letter in response.

36. 18 Pa. C.S.A. §3503(b), the defiant trespass law, states "A person commits an offense if, knowing he was not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by (i) actual communication to the actor, (ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders, (iii)fencing or other disclosure manifestly designed to exclude intruders (iv)notice posted in a manner prescribed by law or reasonably likely to come to the person's attention at each entrance to school grounds that visitors are prohibited without authorization from a designated school, center or program official.

It is a defense to a prosecution under this section that (2) the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access or on remaining on the premises (3) the actor reasonably believed that the owner of the premises or others empowered to license access thereto would have licensed him to enter or remain."

37. No one from Valley Forge Military Academy ever told Plaintiff he was not permitted on the premises or to leave the premises.

COUNT I: VIOLATION OF THE FIRST AMENDMENT

38. The averments of Paragraph 1-37 are incorporated by reference.

39. Defendant filed the citation without probable cause or doing any investigation to determine if the premises were posted with no trespassing signs or signs requiring approval or registration by those on the campus, if anyone ever told Plaintiff to leave or if he refused to leave or if Plaintiff knew he was not privileged to be on the premises of Valley Forge Military Academy.

40. The citation was also filed in retaliation for Plaintiff's performing a legitimate, necessary service of obtaining information from willing speakers in a legal investigation, a significant function of an attorney, and writing a letter to VFMA, and to intimidate him from not investigating further into incidents involving DeShais or others or matters or to speak to witnesses on the VFMA campus in any matters involving VFMA.

41. Defendant issued to Plaintiff a lifetime ban on, and veiled threat of arrest for his ever returning to the premises of VFMA, not limited in scope or time, even if given permission by VFMA, without sufficient justification, even though any member of the public can walk onto the premises, an open campus, without any authorization.

42. The actions of Defendant chill speech protected under the First

Amendment and in effect ban him from going to or speaking to any person for any purpose, even if necessary for representation of a client or if given permission by VFMA, on the premises of VFMA and to intimidate him into not representing any clients in matters involving Valley Forge Military Academy or to pursue any claims involving the matter for which he interviewed witnesses there.

43. Defendant was not the employer of Plaintiff nor did he have a contract with him.

44. Plaintiff was engaged in constitutionally-protected activity.

45. The action of Defendant caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the activity of speaking to witnesses, writing letters to opposing parties, doing investigation or returning to the premises of VFMA even necessary.

46. Defendant's orally banning Plaintiff from returning to Valley Forge Military Academy and issuing a citation for defiant trespass without probable cause or sufficient investigation to determine if a crime had been committed was substantially motivated as a response to Plaintiff's exercise of constitutionally-protected conduct: interviewing witnesses and writing a letter on behalf of clients.

47. The speech involved was interviewing witnesses to obtain information on incidents of violence between cadets at a military academy which led

to the expulsion and/or forced resignation of a cadet, which may have caused injury and forfeiture of tuition money, and writing a letter to VFMA on behalf of client. The citation for defiant trespass without probable cause of an attorney in retaliation for interviewing witnesses of the incidents and representing guardians of cadets in a dispute with a military academy is of interest to the public and has to do with matters of public concern.

WHEREFORE, Plaintiff respectfully request that the court enter judgment in his favor and against Defendant in an amount in excess of $75,000., plus costs and attorney's fees.

## COUNT II: DECLARATORY JUDGMENT

48. The averments of paragraphs 1-47 are incorporated by reference.

49. Plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. 2201 that his rights under the 1st Amendment have been violated.

WHEREFORE, Plaintiff respectfully request that the court enter judgment pursuant to 28 U.S.C. 2201 that his rights under the 1st Amendment have been violated.

## COUNT III: MALICIOUS PROSECUTION

50. The averments of paragraphs 1-47 are incorporated by reference.

51. Defendant filed the charge of Defiant Trespass under 18 Pa. C.S.A. §

3503(b)(1) against Plaintiff.

52. The proceedings terminated in Plaintiff's favor. He was found not guilty and the charge was dismissed.

53. There was no probable cause for the filing of the charge.

WHEREFORE, Plaintiff respectfully request that the court enter judgment in his favor and against Defendant in an amount in excess of $75,000., plus costs and attorney's fees.

Date: February 7, 2014    s/ J. Michael Considine, Jr.
J. Michael Considine, Jr.
1760 Market Street, Suite 1100
Philadelphia, PA 19103
(215) 963-1555 extension 828

Samuel C. Stretton, Esq.
301 S. High St., P.O. Box 3231
West Chester, PA   19381-3231
(610) 696-4243
Attorney ID No. 18491